1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANDHELD GROUP AB,<br><br>                              Plaintiff,<br>        v.<br>AGILE SYSTEMS, INC.,<br><br>                              Defendant. | Case No. 20-cv-01274-BAS-DEB<br><br>**ORDER GRANTING JOINT STIPULATION AND ENTERING PRELIMINARY INJUNCTION**<br><br>**[ECF No. 6]** |

Before the Court is the parties' Joint Stipulation and Request for Order Entering Injunction. (ECF No. 6.) Plaintiff Handheld Group AB ("Handheld") and Defendant Agile Systems, Inc. ("Agile") have stipulated to allow the entry and enforcement of a preliminary injunction to safeguard any Handheld property in Agile's possession. (*Id.* ¶ 2.)

A stipulated preliminary injunction "is essentially a proposed injunction that reflects a temporary settlement." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) (finding a stipulated preliminary injunction analogous to a consent decree, which "is no more than a settlement that contains an injunction"). As such, a court "is empowered to enter and enforce stipulated preliminary injunctions." *Montrose Envtl. Grp., Inc. v. Zephyr Air Quality Servs., LLC*, No. 2:16-CV-00433-SAB, 2017 WL 393606, at *1 (E.D. Wash. Jan. 27, 2017); *see Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir. 2007) ("It

– 1 –

is well established that the district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold parties in contempt for violating the terms therein, and to modify a decree.").

Because this injunction preserves the status quo and is agreed to by Defendant, it is "fair, reasonable[,] and equitable and does not violate the law or public policy." *See Montrose*, 2017 WL 393606 at *1 (quoting *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990)). As such, the Court finds good cause to **GRANT** the Joint Stipulation and **ENTER** the preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Based on the joint stipulation between the Handheld and Agile, an injunction shall be issue immediately, without a bond, in accordance with this Order.

(2) Agile shall immediately continue to preserve, protect and safeguard all Property in its possession, custody and control pending the resolution of this action.

(3) Agile is enjoined from disposing of, dissipating, destroying, selling, transferring or otherwise losing possession of certain tangible personal property that is owned by Handheld in the possession of Agile (the "Property"), or placing the Property in a place where it cannot be accessed or retrieved by Handheld if this Court determines that Handheld is entitled to possession of the Property.

(4) This injunction shall remain in place until such time as this Court enters an order regarding Handheld's claim to possession of the Property, as alleged in this action, or, if there is no such Order entered granting or denying the claim to possession, until the dismissal of this action or as otherwise stipulated by the Parties.

(5) Agile shall, within seven (7) days of the issuance of this Order, provide to Handheld an accounting and inventory which identifies in detail each item of Property in Agile's possession, custody and control, the place or places where such Property is stored, and the means by which Agile is safeguarding the Property.

(6)     This Order shall apply to the following, which shall comprise the Property that Handheld alleges is owned by Handheld and which Agile agrees to address in the accounting and inventory referenced in the preceding paragraph:

    a.     Reel to reel test printer;

    b.     EVT test units/prototype parts;

    c.     DVT2A test units;

    d.     DVT2B test units;

    e.     MVT test units;

    f.     Hybrid DVT/MVT units;

    g.     960 pieces of HP print ASIC to be used for production;

    h.     Chargers;

    i.     Batteries;

    j.     Final SDK/API documentation;

    k.     Final source code uploaded to GIT (minus proprietary code);

    l.     Final PC tool:

    m.     FCT Tool;

    n.     All tools and vendor locations

    o.     All 2D and 3D drawings; and

    p.     All schematics and Bills of Materials.

Additionally, the Court **ORDERS** Handheld to serve Agile with this Order, by email or other means, **no later than 12:00 p.m. on July 15, 2020**.

**IT IS SO ORDERED.**

**DATED: July 15, 2020**

Hon. Cynthia Bashant
United States District Judge